IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. FLICK, | : | |
| Plaintiff, | : | 1:18-cv-2447 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| MARK GARMAN, | : | |
| Defendant. | : | |

## **MEMORANDUM**

### **January 15, 2019**

Presently before the court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Thomas E. Flick ("Flick" or "Plaintiff"), a state inmate currently housed at the State Correctional Institution at Rockview ("SCI-Rockview"), Bellefonte, Pennsylvania. Mark Garman ("Garman), the Superintendent at SCI-Rockview, is the sole Defendant.

Flick seeks to proceed *in forma pauperis*. (Doc. 2.) For the reasons that follow, the motion to proceed *in forma pauperis* will be granted for the sole purpose of the filing of the action and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. **STANDARD OF REVIEW**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) if "the

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Flick proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. FLICK'S COMPLAINT

Flick alleges that he is housed in the Residential Treatment Unit ("RTU") at SCI-Rockview. (Doc. 1, p. 4). He states "RTU inmates are segregated during meal lines. I am forced to eat segregated from the rest of the prison population and be escorted to and from the meal line. No other unit is subjected to this treatment." (*Id.* at 5). He states he has "[n]o physical injuries – but subjected to ridicule and

ostracization by other inmates on other housing units." (*Id.*) He contends that this conduct violates his Eighth Amendment rights. He requests that the prison cease the segregation of RTU prisoners and seeks nominal and punitive damages. (*Id.*)

## II. DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195,

1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of *respondeat superior.*" *Id.* In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. *Atkinson*, 316 F.3d at 271; Rode, 845 F.2d at 1207-08.

Flick seeks to impose liability on Garman based his supervisory role as the Superintendent, and not based on his personal involvement in the alleged unconstitutional conduct. Consequently, the complaint is subject to dismissal based on Garman's lack of personal involvement. However, even if Flick successfully pled personal involvement, the complaint would still be subject to dismissal as he fails to state an Eighth Amendment claim. .

Under the Eighth Amendment, prisoners are constitutionally protected from cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825 (1991). The Eighth Amendment prohibits conditions of confinement that violate "evolving standards of decency" or which "involve the unnecessary and wanton infliction of

pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). Among the guarantees associated with Eighth Amendment protection is the right to "humane conditions of confinement." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (quoting *Farmer*, 511 U.S. at 832). Prison officials must ensure that inmates receive "adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832. An Eighth Amendment violation requires that a plaintiff allege he was deprived of "basic human needs, such as food, clothing, shelter, sanitation, medical care, and personal safety." *See Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997). The incidents complained of must be "sufficiently serious" or "cumulatively egregious in the harm they inflicted." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997).

"[A]n inmate must allege both an objective element-that the deprivation was sufficiently serious-and a subjective element-that a prison official acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference." *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996) (citing *Wilson v. Setter*, 501 U.S. 294 (1991)). A deprivation is "sufficiently serious" when it results in the denial of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. A prison official

5

demonstrates deliberate indifference if he knows of and disregards an excessive risk to the inmate's health or safety." *Id.*

Flick fails to satisfy the objective element of an Eighth Amendment claim in that he fails to allege a sufficiently serious deprivation. A personal escort to meals and separation from general population during meal time does not constitute a deprivation of the sort within the protection of the Eighth Amendment.

## IV. <u>LEAVE TO AMEND</u>

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 114 (3rd Cir. 2002). The Court concludes that granting Flick leave to amend would be futile as the complained of deprivation simply does not rise to the level of an Eighth Amendment violation.

## V. <u>Conclusion</u>

Based on the forgoing, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court will enter an appropriate Order.